Chief Justice Robb.btsoN
dolivred the opinion of the Court.
Judge Nicholas did n t sit in this care
Samuel Carswell, as relator, sued Stanley P. Gower, as principal, and Alexander H. Reunióle aud John Wood, as, his sureties in debt, on a jailer’s official bond, purporting to be, and declared on, as being (lie bond only of the parties sued. Tiie defendants, Rennick and Wood, pleaded that the bond sued on had been delivered by them to the clerk of the county court, as an escrow, to be binding on them whenever Oliver G Waggeuer should also sign and acknowledge it — that Waggener never did become a partv to the bond — and that, therefore, it was not their deed, (concluding to the, country.) The plaintiff, instead of taking issue on the plea by a similiter — replied specially (after traversing the affirmative allegation) that the bond described in the declaration had been acknowledged in the county court of Franklin by all the defendants unconditionally, as by the record of said court would appear.
To this the defendants, Rennick and Aood, rejoined, that there was no such record — and issue having been concluded on that rejoinder, the circuit court decided it in favor of the defendants, and thereupon, gave judgment in bar of the action, so far as Wood and Rennick were concerned. Whether or not the court erred in the judgment thus rendered, is the only question we shall now consider.
The plea is good in substance. It is not material now to enquire whether the bond could have been binding unless it had been acknowledged in the county court — -for even if it be, it might have been delivered to the clerk as an escrow — a conditional d diverv to the clerk was not necessarily an effect a-a! delivery to the obligee; nor is the fact that the relator made profert of a copy, even prima facie proof of an absolute delivery of the original.
As an absolute delivery was indispensable to ^ie legal obligation of the bond, and as the plea averred *282 a f-jQ^ shewing, if it be true, that there was no such delivery, it was not necessary to conduce with a verification. The plea, in legal effect, umy be deem-the general issue. If an absolute delivery in fact jm(| been made, or had been admitted, a plea aver-r,ng any extraneous jact, such as coverture or duress, for the purpose of shewing that the delivery was no(. hin()jng jn ]aWl ought to have concluded with a verification, because, as upon an issue of non ést facturn, pleaded in anv form, the plaintiff could not be required, in the first instance, to prove any thing lnore than an absolute delivery of the bond, if such delivery in fact had been admitted by the plea, he would not have been bound to prove any tiling, unt,)e defendant had proved some special matter in and therefore, as the onus would have devolved on the defendant in such a case, his special jea sh00i<j have concluded with a verification, *
Absolute tie essential to its legal obligation- Plea ibcT^'hat & shews there bad be®? no is°equfvident to the general issue, and tcf’tlie'eountry. Plea mitting such delivery, but setting tip fiiv« traneousmatmusToon’ elude with a verification,
If the plaintiff lake issue up-^er^ofbond 3 mid'on, as* an escrow, or on condition, he absoluteT|e-livery, at any time prior to oTthewriT if he reply ’ maiter de b°rwhi(APtoa estop the he'stdws'hfs case upon the allegation, ^t'^be^en*' „g„ing(" him, if it be not sustbmet^
*282 But when, as in this case, the fact pleaded shews that, there had not been an unconditional delivery in fact., the plea may conclude to the country, because, in such a case, the plaintiff may be required to prove an actual and unconditional delivery — and therefore, the defendant may throw the onus on the plaintiff, by concluding to the country — and when such a plea thus concludes, its only effect is to circumscribe the proof, and confine it to the fact specially announced in the plea. (See the form of such a plea in II. vol. Chitty on Pleading — and see also Watts vs. Roswell, I. Salkeld, 274.)
If the plaintiff had concluded an issue on the plea, he would have had a right to prove an absolute de^'ve!T Ibe bond described in the declaration, at any time prior to the date of the writ. But when he attempted to avoid the effect of the fact pleaded by departing from the plea, and averring an acknowledgrnent of the bond in court, whereby the parties were estopped, he virtually admitted, that unless there had been such an acknowledgment, the bond had been delivered only as an escrow, as averred in the plea. Nul tiel record was therefore a material and proper issue. And as the plaintiff staked case on that point, he has no right to complain the judgment upon it, unless he sustained his alie *283 gation. As the issue imposed the onus upon him, and as he chose to bring it to a single and isolated point — towit, that the bopd sued on had been acknowledged in court, it was proper that he tailed in the suit if he faded to sustain his affirmative allegation, and to shew that the bond, of width oyer was given, was the same which had been aoknowledged in court.
Brown, for plaintiff; Crittenden and Monroe, for defendants.
VVe are of opinion that the bond described in the declaration, and that described in tiie order of the county court, cannot be deemed (judicially) the same. The first purports to be a bond executed by Gower, Rennick anti Wood only — the other is described by the record, as the obligation of the same three persons, anti also of O. G. Waggener — the date of the former is April the 21st, 1818, that of the latter is December, 1818. Dates may not be essential — but they are material on the question of identity.
W nerefore, the two obligations seem to be different — and therefore the judgment of the circuit court appears to be right, and must be affirmed.